**Phillip E. Joseph,** OSB No. 882372
pjoseph@balljanik.com
**Kyle A. Sturm,** OSB No. 080214
ksturm@balljanik.com
BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon  97204-3219
503-228-2525
Fax 503-295-1058
Attorneys for RUSSELLVILLE II, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RUSSELLVILLE II, LLC, an Oregon limited liability company,<br><br>        Plaintiff,<br><br>        v.<br><br>CLARENDON NATIONAL INSURANCE COMPANY, an Illinois company, and AMERICAN HALLMARK INSURANCE COMPANY OF TEXAS, a Texas company,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing)**<br><br>Prayer Amount: $2,243,270.50<br><br>DEMAND FOR JURY TRIAL ON ALL ISSUES TRIABLE BY JURY |

        COMES NOW plaintiff Russellville II, LLC ("Russellville II" or "Plaintiff"), and for its complaint against defendants Clarendon National Insurance Company ("Clarendon") and American Hallmark Insurance Company of Texas ("Hallmark") (collectively "Defendants"), alleges as follows:

Page 1 -  **COMPLAINT**

1. Russellville II is an Oregon limited liability company.

2. Clarendon is an insurance company that issued general liability policies to Raul Pantoja ("Pantoja") as an insured. Clarendon is an Illinois insurance company that, at all relevant times, was authorized to issue insurance policies in Oregon.

3. Hallmark is an insurance company that issued general liability policies to Pantoja's Plastering, Inc. d/b/a Raul Pantoja ("Pantoja") as an insured. Hallmark is a Texas insurance company that, at all relevant times, was authorized to issue insurance policies in Oregon.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a), because there is complete diversity of citizenship between the parties. The amount in controversy exceeds the sum of $75,000. Venue lies with this Court pursuant to 28 U.S.C. §1391(a), because the events which give rise to this dispute occurred in the District of Oregon.

5. Russellville II is a mixed-use complex located at 20 SE 103rd Ave, Portland, Multnomah County, Oregon 97216 (the "Project"), comprised of two buildings that are part of one campus (which caters to senior citizens), are subject to common ownership and management and a common loan. The Project contains commercial and residential space, and assisted living facilities. Residents share amenities at the Project, move freely between the buildings at the Project.

6. Russellville II initiated a lawsuit against Pantoja (and others) for certain property damage resulting from defective construction of the Project (Multnomah County Case No. 14CV06627, the "Lawsuit"). In the Lawsuit, Russellville II alleged it was a mixed-use project

and that Pantoja's negligence caused water intrusion and resulting property damage at the Project.

7. Defendants had notice of the Lawsuit and were provided copies of operative pleadings.

8. Defendants failed to defend Pantoja in the Lawsuit.

9. Pantoja failed to appear in the Lawsuit.

10. Defendants received notification that Russellville II would move forward with a motion for default against Pantoja, their mutual insured.

11. Defendants received a copy of the Motion for Order of Default that Russellville II filed with court, and failed to contest the Motion or otherwise defend Pantoja.

12. Following a *prima facie* hearing, the court granted Russellville II's Motion for Oregon of Default and entered a Default Judgment and Money Award against Pantoja and in favor of Russellville II in the principal sum of $2,243,270.50, plus pre-judgment interest and post-judgment interest at 9% per annum.

13. Defendants were provided copies of the Default Judgment and Money Award, and refused to satisfy the Judgment, contending that there was no possibility of coverage.

14. The judgment against Pantoja is unsatisfied. Pursuant to ORS 742.031, which is incorporated into the policies issued by Defendants to Pantoja, and by the express terms of the applicable general liability policies, Russellville II, standing in the shoes of Pantoja, brings this action against Defendants to recover the full amount of the Default Judgment and Money Award and statutory attorney fees pursuant to ORS 742.061.

///

///

Page 3 -   **COMPLAINT**

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

15. Clarendon issued general liability policies to Pantoja (policy numbers 50-MG-429029-00/000 and 50-MG-429029-01/000) effective from November 6, 2003 to November 6, 2005. Hallmark issued general liability policies to Pantoja (policy numbers 44-MG-429029-02/000; 44-MG-429029-03/000; 44-MG-429029-04/000; 44-MG-429029-05/000; and 44-MG-429029-06/000) effective from November 6, 2005 to November 6, 2010). (The policies referenced in this paragraph are collectively referred to as the "Policies.")

16. The Policies provided insurance coverage to Pantoja, and by which Defendants agreed, among other things, to defend Pantoja against any claim alleging property damage covered by the Policies, and to pay those sums that Pantoja became legally obligated to pay because of property damage.

17. Defendants breached the terms of the Policies by failing to honor their defense obligations, and by failing to indemnify Pantoja for the sums Pantoja is legally obligated to pay Russellville II.

18. As a result of Defendants' breaches, Russellville II, standing in the shoes of Pantoja, seeks damages in an amount to be proven at trial, but which are no less than $2,243,270.50.

19. Pantoja complied with and satisfied all conditions precedent (if any), except any that were excused, in the Policies.

20. Russellville II seeks attorney fees pursuant to ORS 742.061.

///

///

## SECOND CAUSE OF ACTION

## (Breach of the Implied Duty of Good Faith and Fair Dealing)

21. Defendants owed an implied duty of good faith and fair dealing to Pantoja, requiring Defendants to give at least equal consideration to Pantoja's interests as they did their own interests.

22. Defendants breached the implied duty of good faith and fair dealing in the following ways (among others):

   a. They unreasonably failed to attempt any meaningful resolution of the Default Judgment and Money Award entered in favor of Russellville II and against Pantoja;

   b. They unreasonably failed to settle a claim in which liability had become reasonably certain;

   c. They failed to adopt and implement reasonable standards for the prompt investigation and resolution of claims; and

   d. They failed to pay claims without conducting a reasonable investigation based upon all available information.

23. Defendants' breaches of the implied duty of good faith and fair dealing caused Pantoja damages in an amount to be proven at trial, but not less than $2,243,270.50, which Russellville II, standing in the shoes of Pantoja, is entitled to recover.

24. Russellville II seeks attorney fees pursuant to ORS 742.061.

## PRAYER FOR RELIEF

WHEREFORE, Russellville II prays for judgment against Defendants as follows:

A. Judgment in its favor;

  B.  Damages in the amount of $2,243,270.50;

  C.  Pre-judgment and post-judgment interest;

  D.  Attorney fees;

  E.  And any other relief the court deems just and/or equitable.


DATED: April 15, 2015   Respectfully submitted,

            By: /s/ Kyle A. Sturm
              PHILLIP E. JOSEPH, OSB No. 882372
              KYLE A. STURM, OSB No. 080214
              503-228-2525
              Attorneys for RUSSELLVILLE II, LLC

              Trial Attorneys Phillip E. Joseph and Kyle A. Sturm

Page 6 -  **COMPLAINT**

1004910\v1